UNITED STATES *v.* AMERICAN SHIPPING Co. (No. 2867)[1]

[1] T. D. 42261.

## 250

[Oral argument March 16, 1927, by Mr. Carter and Mr. Brown]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

BLAND, Judge, delivered the opinion of the court:

The importation involved in the decision of this case is lamp shades, and it was stipulated between the parties litigant "that the merchandise in question consists of nonembroidered fabric articles which are ornamented with beads and which are composed in part of nonembroidered trimmings, galloons, and ornaments, but not in part of nets or nettings or burnt-out laces."

The merchandise was assessed for duty by the collector of customs at 90 per centum ad valorem under the first part of paragraph 1430 of the Tariff Act of 1922 as articles composed in part of trimmings or ornaments.

The United States Customs Court sustained the protest of importer, which claimed them to be dutiable at 75 per centum ad valorem under the second part of the same paragraph as articles ornamented with beads. From this decision of the trial court the Government has appealed.

The two competing portions of the paragraph when stripped of language immaterial to the decision in this case may be set out as follows:

* * * galloons * * * trimmings * * * ornaments * * * and all fabrics and articles composed in any part, however small, of any of the foregoing fabrics or articles * * * 90 per centum ad valorem;
* * * all fabrics and articles * * * ornamented with beads, * * * 75 per centum ad valorem.

It will be noted that the two competing portions of the paragraph are each followed and modified or amplified by the following language:

* * * all the foregoing, finished or unfinished, by whatever name known, and to whatever use applied, and whether or not named, described, or provided for elsewhere in this Act, when composed wholly or in chief value of yarns, threads, filaments, tinsel wire, lame, bullions, metal threads, beads, bugles, spangles, or products of cellulose provided for in paragraph 1213.

The sole question which confronts us is, which is the more specific of the two provisions?

The Customs Court below followed its decision in *K. T. Tan* v. *United States*, T. D. 41817, which, in turn, was controlled by *United States* v. *Smith & Co.*, 12 Ct. Cust. Appls. 384.

It is the contention of the importer, in this case, that the Smith case is controlling, while the Government's position is that it has no relevancy whatever to the issues at bar. In the *Smith* case certain embroidered flouncings were in controversy. The case turned mainly upon the proposition that, since the first part of the paragraph provided for certain articles "embroidered or otherwise" which did not

modify or qualify the word "flouncings," under the doctrine of *expressio unius est exclusio alterius*, embroidered flouncings were excluded from the first part of the paragraph, and were aptly provided for in the second part of the paragraph as articles embroidered. In the *Smith* case, however, we find the following:

> But should there be any doubt about the construction thus placed upon the paragraph, and if the doctrine of "relative specificity" be applied to determine the dutiable status of the merchandise in question, it would seem to us that the provision in the latter part of the paragraph for "embroideries not specially provided for, and all fabrics and articles embroidered in any manner * * * by whatever name known, and to whatever use applied" * * * is more specific for merchandise described, as "embroideries in the form of flouncings or embroidered flouncings," than the eo nomine provision for "flouncings, * * * and all fabrics and articles composed in any part, however small, or any of the foregoing fabrics or articles; * * * by whatever name known and to whatever use applied."

The trial court held that the finding on specificity in the *Smith* case above quoted controlled the issues in the case at bar. In the case of *United States* v. *Marshall Field & Co.* 15 Ct. Cust. Appls. 254, T. D. 42263, decided concurrently herewith, this court used the following language:

> It is obvious, however, from the entire opinion in the *Smith* case, that the first quotation therefrom was clearly the basis of decision, and that the view expressed in the last quotation was suggested as confirmatory and in support of the conclusion already reached. It was, however, unnecessary and therefore in a sense, *obiter*. In any event it does not express our more mature views and, so far as applicable to an issue like the one now under consideration, will not be followed by this court.

The above-quoted views of this court in the *Marshall Field & Co.* case, *supra*, would seem to completely answer and refute the importer's argument that the latter portion of the paragraph under consideration, as applied to the merchandise at hand, is more specific than the provisions of the first part of the same.

It is urged by the Government that the words "however small" following "composed in any part" indicate an intention on the part of Congress to broaden the first provision so as to include any article which is composed of trimmings or ornaments even though it be decorated also in the manner described in the second part of the paragraph. We do not think the words "however small" add any weight to the argument that the first part of the paragraph, as applied to the merchandise at bar, is more specific than the latter portion. *United States* v. *Snow's U. S. Sample Express Co.*, 6 Ct. Cust. Appls. 120.

We are unable to find any particular difference in the specificity of the two provisions. One provision provides for *articles composed of trimmings;* the other one provides for *articles ornamented with beads.* As applied to the merchandise involved herein, both provisions

cover the merchandise with equal specificity. In this kind of case the mandate of the statute is plain and unavoidable. Paragraph 1460 contains the following:

If two or more rates of duty shall be applicable to any imported article, it shall pay duty at the highest of such rates.

The first provision providing for a 90 per centum duty and the last provision providing for a 75 per centum duty, the merchandise should be assessed, and was properly assessed, under the first provision. The judgment of the United States Customs Court is *reversed*.

SMITH, J., concurs in the conclusion.

UNITED STATES *v.* TAN (No. 2868)[1]

United States Court of Customs Appeals, June 10, 1927

*Charles D. Lawrence*, Assistant Attorney General (*Fred J. Carter*, special attorney, of counsel), for the United States.
*Allan R. Brown* for appellee.