UNITED STATES *v.* TAN (No. 2868)[1]

United States Court of Customs Appeals, June 10, 1927

*Charles D. Lawrence,* Assistant Attorney General (*Fred J. Carter,* special attorney, of counsel), for the United States.
*Allan R. Brown* for appellee.

[Oral argument March 16, 1927, by Mr. Carter and Mr. Brown]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

BLAND, Judge, delivered the opinion of the court:

The decision of this case involves the sole question as to which provision of paragraph 1430 is more specific as applied to the importation in controversy, which was stipulated to be "handkerchiefs from which threads have been drawn and with threads introduced after weaving to finish or ornament the openwork, not including straight hemstitching; and that said handkerchiefs are also made in part of lace."

---

[1] T. D. 42262.

The two competing provisions of paragraph 1430 of the Tariff Act of 1922 (omitting parts immaterial to the decision of this case), read as follows:

PAR. 1430. Laces, lace window curtains, burnt-out laces and embroideries capable of conversion into burnt-out laces, nets and nettings, embroidered or otherwise, * * *; and all fabrics and articles composed in any part however small of any of the foregoing fabrics or articles, * * * 90 per centum ad valorem;

all fabrics and articles * * * from which threads have been omitted, drawn, punched, or cut, and with threads introduced after weaving to finish or ornament the openwork, * * * 75 per centum ad valorem.

Each of the above provisions in said paragraph 1430 is followed and modified by the following language:

* * * all the foregoing, finished or unfinished, by whatever name known, and to whatever use applied, and whether or not named, described, or provided for elsewhere in this act, when composed wholly or in chief value of yarns, threads, filaments, tinsel wire, lame, bullions, metal threads, beads, bugles, spangles, or products of cellulose provided for in paragraph 1213.

The collector of customs assessed the merchandise for duty at 90 per centum ad valorem under the first part of the paragraph, and the United States Customs Court sustained the protest of the importer, which claimed the same to be dutiable under the second part of the paragraph at 75 per centum ad valorem.

The trial court based its action upon the authority of *United States* v. *Smith & Co.*, 12 Ct. Cust. Appls. 384, T. D. 40544, in the opinion of which the court expressed the view that the second provision of the paragraph was more specific than the first provision when applied to the importation there under consideration, embroidered flouncings.

From the action of the United States Customs Court the Government has appealed to this court, and here contends, among other things, that the words "however small" in the first provision of the paragraph have the effect of indicating the intention of Congress to require classification of the merchandise here involved under the first part of the paragraph rather than the second part.

This case and *United States* v. *American Shipping Co.*, suit No. 2867, 15 Ct. Cust. Appls. 249, T. D. 42261, decided concurrently herewith, were argued together, it being conceded that the same question of law was involved in both cases.

In the *American Shipping Co.* case, *supra*, we found adversely to the contention of the Government concerning the effect of the words "however small," and it is not necessary to discuss the question here. In the case of *United States* v. *Marshall Field & Co.*, 15 Ct. Cust. Appls. 254, T. D. 42263, decided concurrently herewith, this court used the following language:

It is obvious, however, from the entire opinion in the Smith case that the first quotation therefrom was clearly the basis of decision, and that the view

254

expressed in the last quotation was suggested as confirmatory and in support of the conclusion already reached. It was, however, unnecessary and, therefore in a sense, obiter. In any event it does not express our more mature views and, so far as applicable to an issue like the one now under consideration, will not be followed by this court.

In the *American Shipping Co.* case, *supra*, following *Marshall Field & Co.* case, *supra*, we held that, as between articles composed of trimmings and articles ornamented with beads, we were unable to find any particular difference in specificity of the two provisions, and that paragraph 1460 of the Tariff Act of 1922, which provides that "If two or more rates of duty shall be applicable to any imported article it shall pay duty at the highest of such rates," applied, and that the beaded ornamented lamp shades in part of trimmings should have been classified under the first part of paragraph 1430 rather than under the last provision of the same.

Here the same question is presented, which is the more specific provision, *lace articles* or *drawnwork articles?* Many fine distinctions may be drawn, which distinctions we regard of insufficient importance to justify a conclusion that one provision is more specific than the other, and, therefore, we conclude in this case, as in the *American Shipping Co.* case, that paragraph 1460 applies, and that the higher rate of duty should have been assessed.

The merchandise was correctly classified by the collector, and the judgment of the United States Customs Court is *reversed.*

SMITH, J., concurs in the conclusion.