TRIMMING CLEARING HOUSE *v.* UNITED STATES (No. 3265)[1]

---

[1] T. D. 44064.

United States Court of ·Customs and Patent Appeals, May 19, 1930

*Allan R. Brown* for appellant.
*Charles D. Lawrence,* Assistant Attorney General (*Oscar Igstaedter,* special attorney, of counsel), for the United States.

[Oral argument February 14, 1930, by Mr. Brown and Mr. Igstaedter]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT Associate Judges

BLAND, Judge, delivered the opinion of the court:

This is a classification case involving the dutiable classification of two items, 2519 and 2768, which consist of "ornaments" in chief value of beads, which ornaments are ornamented with beads.

The case, when tried before the United States Customs Court and when appealed to this court, concerned four items, 2609, 2610, 2519, and 2768. In this court the appeal was dismissed as to items 2609 and 2610. At the hearing below it was agreed by counsel that the articles in question were ornaments and that the component material of the same was in chief value of beads. With the approval of the court below, it was stipulated between the parties as follows: "In addition to the facts already stipulated it is hereby further stipulated and agreed between counsel that items 2609, 2610, 2519, and 2768 are ornamented with beads"; (and other matters not material here).

The merchandise was assessed for duty at 90 per centum ad valorem under the first part of paragraph 1430, which paragraph reads as follows:

PAR. 1430. Laces, lace window curtains, burnt-out laces and embroideries capable of conversion into burnt-out laces, nets and nettings, embroidered or otherwise, veils, veilings, flouncings, all-overs, neck rufflings, flutings, quillings, ruchings, tuckings, insertings, galloons, edgings, trimmings, fringes, gimps, *ornaments;* braids, loom woven and ornamented in the process of weaving, or made by hand, or on any braid machine, knitting machine, or lace machine; and all fabrics and articles composed in any part, however small, of any of the foregoing fabrics or articles; all the foregoing, finished or unfinished (except materials and articles provided for in paragraphs 920, 1006, 1404, 1406, and, 1424 of this Act), by whatever name known, and to whatever use applied, and whether or not named, described, or provided for elsewhere in this Act, when *composed* wholly or in chief value *of* yarns, threads, filaments, tinsel wire, lame, bullions, metal threads, *beads,* bugles, spangles, or products of cellulose provided for in paragraph 1213 of this Act, 90 per centum ad valorem; embroideries not specially provided for, and all fabrics and *articles* embroidered in any manner by hand or machinery, whether with a plain or fancy initial, monogram, or otherwise, or tamboured, appliquéd, scalloped, or *ornamented with beads,* bugles, or spangles, or from which threads have been omitted, drawn, punched, or cut, and with threads introduced after weaving to finish or ornament the openwork,

not including straight hemstitching; all the foregoing, finished or unfinished, *by whatever name known*, and to whatever use applied, and whether or not named, described, or provided for elsewhere in this Act, *when composed* wholly or in chief value *of* yarns, threads, filaments, tinsel wire, lame, bullions, metal threads, *beads*, bugles, spangles, or products of cellulose provided for in paragraph 1213, 75 per centum ad valorem. [Italics ours.]

The importer protested the classification claiming the merchandise dutiable under the last part of paragraph 1430 at 75 per centum ad valorem. Other claims were made not necessary to consider here since they are not relied upon or referred to in this court.

The court below overruled the protest and held the goods dutiable under the first part of paragraph 1430 on the ground that:

The first part of paragraph 1430 of said act provides specifically for ornaments composed wholly or in chief value of beads. There is no provision for ornaments under the second part of said paragraph, and it being stipulated that beads are the component material of chief value of the merchandise, and that the goods are ornaments, we hold the merchandise in question to be properly dutiable under the first part of paragraph 1430 of the Tariff Act of 1922 at the rate of 90 per centum ad valorem, as ornaments.

A rehearing was granted upon the application of the importer and the court below adhered to its original conclusion, and in a more elaborate opinion again overruled the protest relying upon the following decisions of this court: *United States* v. *American Shipping Co.*, 15 Ct. Cust. Appls. 249, T. D. 42261, *United States* v. *Tan*, 15 Ct. Cust. Appls. 252, T. D. 42262, and *United States* v. *Field & Co.*, 15 Ct. Cust. Appls. 254, T. D. 42263.

The importer has appealed to this court and here urges the lack of controlling influence of the cited cases as applied to the particular merchandise at bar. It is conceded that the sole question involved is: In which portion of the paragraph are the goods at bar more specifically provided for?

As applied to this merchandise we may set out the pertinent portions of the two provisions (deleting all superfluous matter) as follows:

(1) Ornaments in chief value of beads.
(2) All articles (by whatever name known) composed in chief value of beads ornamented with beads.

The ornaments in controversy are composed of a large quantity of fancy and different-colored beads superimposed in ornamental design upon leather, in one instance, and upon cardboard, in the other. To these ornaments are attached long strings of ornamental beads which are designed to hang loose at one end, beneath the ornament. While each of the articles as a whole may be said to be an ornament in chief value of beads, when considered with reference to each of the two competing provisions of the paragraph in controversy, it is more than an ornament in chief value of beads when considered with refer-

ence to the second provision. See *United States* v. *Metro Bag Works,* 17 C. C. P. A. 145, T. D. 43472.

We think the decision in this case is controlled by our decision in the case of *United States* v. *Field & Co., supra.* That case involved a consideration of the proper classification of curtains of net, tamboured; also other curtains not important here. We held the former to be dutiable under the first part of paragraph 1430 and said:

> Within the rule of said first quotation the term "lace window curtains" is an *eo nomine* provision and includes such curtains, whether they are tamboured or not. There is no reference in the first part of the paragraph to tamboured articles, as there is to those that are embroidered, and therefore, no room for the applica-tion of the rule of expressio unius est exclusio alterius. These tamboured lace curtains are, therefore, by force of the *eo nomine* rule classifiable under the first part of paragraph 1430, and the judgment below as to them can not be upheld.
>
> By naming lace window curtains in the first part of the paragraph and omit-ting to use any language indicating that the *eo nomine* rule was not applicable, Congress indicated an intent that such curtains should pay the higher rate pro-vided in the paragraph. It could hardly have meant that such curtains, if tamboured, should pay a less rate *because* they were tamboured. By classifying them under (a) a result is reached which is in accord with the established policy of tariff legislation, that, generally speaking, the more elaborate, advanced, and expensive articles of the same class are subjected to a higher rate of duty if two different rates are provided therefor. A similar intent is manifested in para-graph 1460 of the act which provides that if two or more rates of duty are appli-cable to an imported article, the higher rate shall prevail. So in this case, if these tamboured lace window curtains were described with equal specificity in (a) and (b) the higher rate would govern.

Following the line of reasoning in the *Field & Co.* case, if the words "ornaments" and "ornamented" are substituted in appropriate places for the words "lace curtains" and "tamboured," the con-trolling effect of that case will appear.

Therefore, upon the authority of *United States* v. *Field & Co., supra,* the judgment of the United States Customs Court is *affirmed.*