The judgment of the United States Customs Court is affirmed.

UNITED STATES *v.* GEORGE BORGFELDT & Co. (No. 3579)[1]

United States Court of Customs and Patent Appeals, June 5, 1933

*Charles D. Lawrence,* Assistant Attorney General (*Marcus Higginbotham, jr.,* special attorney, of counsel), for the United States.

Submitted on brief by appellee.

[Oral argument February 8, 1933, by Mr. Lawrence]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

BLAND, Judge, delivered the opinion of the court:

In this case, the United States has appealed from the judgment of the United States Customs Court, sustaining the protest of the importer, in which protest it was claimed that certain celluloid dolls, imported from Japan, were dutiable under the first provision of paragraph 1513, Tariff Act of 1930, rather than under the second provision of said paragraph, the goods having been classified under said second provision by the collector.

[1] T. D. 46496.

The merchandise involved consists of tiny, hollow, flimsy, flesh-colored, celluloid dolls, about two and one-half inches long. A cord passes through the shoulder of the doll, and on each end of the cord is fastened a celluloid arm which is movable. The dolls are naked except for a tiny strip of cotton net which encircles the body thereof.

Paragraph 1513 of the Tariff Act of 1930 reads, in part, as follows:

PAR. 1513. Dolls and doll clothing, composed in any part, however small, of any of the laces, fabrics, embroideries, or other materials or articles provided for in paragraph 1529 (a), 90 per centum ad valorem; dolls and toys, composed wholly or in chief value of any product provided for in paragraph 31, having any movable member or part, 1 cent each and 60 per centum ad valorem; not having any movable member or part, 1 cent each and 50 per centum ad valorem; * * *.

The following stipulation was entered into between the parties:

It is hereby stipulated and agreed, by and between counsel, that Exhibit 1 represents the merchandise covered by the above protest.

It is further stipulated and agreed that Exhibit 1 is a doll, composed in part of cotton net made on a net machine, said cotton net being one of the materials provided for in paragraph 1529 (a).

It is further stipulated and agreed that Exhibit 1 is a doll with movable parts, in chief value of a product provided for in paragraph 31.

It is further stipulated and agreed that the protest may be submitted on this stipulation and the exhibit in the case.

Amendment of protest is hereby waived.

The material portions of the two competing provisions of said paragraph 1513 are (1)—

Dolls and doll clothing, composed in any part, however small, of any of the * * * [fabrics made on a net machine] * * * provided for in paragraph 1529 (a), 90 per centum ad valorem;

and (2)—

dolls and toys, composed wholly or in chief value of any product [a compound of cellulose, or an article composed in chief value of a compound of cellulose] provided for in paragraph 31, having any movable member or part, 1 cent each and 60 per centum ad valorem.

It is agreed that the merchandise is described in both provisions. The issue in the case is: Under which provision shall the importation be classified for tariff purposes?

The lower court apparently gave controlling effect to that part of the first provision reading as follows: "composed in any part, however small, of any of [etc.]," and held that this provision removed the merchandise from the second provision of the paragraph.

Here we are confronted by the competition between two definite and specific provisions, both of which clearly describe the importation, and nothing has been suggested as helpful in arriving at the congressional intent, except the context of the paragraphs and the rule of relative specificity.

It is argued by the importer in this case that under the first provision, if the doll was composed of materials mentioned in paragraph 1529, *even in an unsubstantial quantity*, it would be dutiable under such first provision, nevertheless, and that this consideration does not apply to the term "in chief value of [etc.]" in the second provision. Approval or disapproval of this contention is not regarded as important here. In the case of *United States* v. *American Shipping Co.*, 15 Ct. Cust. Appls. 249, T. D. 42261, the term "however small" was considered by this court with reference to its lending addition specificity to the phrase in which it was used. It was there held that "however small," following the words "composed in any part," did not add anything to the specificity of that portion of the paragraph in which it appeared.

We, therefore, have the material parts of the provision in the first part of the paragraph reading: "Dolls * * * composed in any part * * * of * * * [fabrics made on a net machine]" in competition with the provision "dolls * * * composed wholly or in chief value of * * * [a compound of cellulose, etc.] having any movable member or part."

It is our conclusion that if the second provision is not more specific than the first as applied to the particular merchandise at bar, it is at least not less specific. The mandatory provisions of paragraph 1559 require that if the specificity is equal in the two provisions, when applied to the merchandise being considered, classification of the same must be under the second one, since it provides for a higher rate of duty. That the duty provided for in the second provision, when applied to this particular merchandise, is very much higher than in the first is not questioned in this case. In the supplement to Tariff Information on Items in Tariff Bill of 1930, page 485, it was stated: "House bill rate of 1 cent each and 60 per cent. estimated as equivalent to about 165 per cent." This marked difference in the amount of duty in the two provisions, when applied to the merchandise at bar, is, no doubt, due to the very low value of each doll, which is, according to the entered value, about one and one-half cents.

In view of our above conclusion that the second provision is not less specific than the first, it follows that the classification of the collector was correct, and his action in that respect must be affirmed.

None of the numerous decisions cited in this case, except the one last above discussed, is regarded as sufficiently in point to require discussion here. We hold that the merchandise was properly classified and assessed with duty by the collector. The judgment of the United States Customs Court is *reversed.*