(C. D. 1201)

P. & G. ROBINSON *v.* UNITED STATES

United States Customs Court, Second Division

(Decided December 28, 1949)

*Benjamin A. Levett* (*Meyer Ohlbaum* of counsel) for the plaintiff.

*David N. Edelstein*, Assistant Attorney General (*Arthur R. Martoccia and Richard H. Welsh*, special attorneys), for the defendant.

Before LAWRENCE, RAO, and FORD, Judges

FORD, Judge: The above protest brings before us for decision the question of the proper classification of certain imported suitcases or week-end bags which were classified by the collector as "articles in C. V. of yarns, threads & filaments, in part braid." Duty was accordingly levied thereon at the rate of 90 per centum ad valorem under paragraph 1529 (a) of the Tariff Act of 1930. In the original protest claim is made that the merchandise is properly dutiable under paragraph 1531 of the Tariff Act of 1930, as modified by the trade agreement with the United Kingdom, T. D. 49753 (74 Treas. Dec. 253), and by amendment it is further claimed that the merchandise is properly dutiable at only 40 per centum ad valorem under paragraph 923 of the Tariff Act of 1930, which provides for "All manufactures, wholly or in chief value of cotton, not specially provided for, * * *."

At the trial of this case a sample identical to the merchandise imported was offered and received in evidence as exhibit 1, and the United States examiner who examined the merchandise testified that the merchandise was in chief value of cotton; that the so-called braid contained in the suitcase or week-end bag contained some rubber; that if this article did not contain this so-called braid, he would have advisorily classified it under paragraph 923 of the Tariff Act of 1930, at 40 per centum ad valorem, as manufactures in chief value of cotton; that there are about 3 yards of braid in each bag, which braid performs a very substantial function by holding the otherwise open parts of the pockets therein close to the sides of the bag.

It having been established at the trial that the involved merchandise is composed in chief value of cotton, we need give no consideration to the plaintiff's claim under paragraph 1531 of the Tariff Act of 1930, as modified by the trade agreement with the United Kingdom, *supra*, which provides for bags, etc., wholly or in chief value of leather or parchment.

The pertinent part of paragraph 1529 (a), *supra*, under which the merchandise was classified and assessed with duty, is as follows:

* * * braids, loom woven and ornamented in the process of weaving, or made by hand, or on a lace, knitting, or braiding machine; * * * all the foregoing, and fabrics and articles wholly or in part thereof, finished or unfinished, * * * by whatever name known, and to whatever use applied, and whether or not named, described, or provided for elsewhere in this Act, when composed wholly or in chief value of filaments, yarns, threads, * * *.

This case turns upon the construction to be given to the change in the language employed in said paragraph 1529 (a) from that found in paragraph 1430 of the Tariff Act of 1922, as set out below:

PAR. 1430. * * * all fabrics and articles composed in any part, however small, of any of the foregoing fabrics or articles; * * *.

PAR. 1529. (a) * * * all the foregoing, and fabrics and articles wholly or in part thereof, * * *.

Counsel for the plaintiff in his brief filed herein contends that by the omission of the words "however small" the Congress intended a change in meaning, and that a negligible quantity of braid must be disregarded. Counsel for the defendant, on the other hand, contends that the provision for fabrics and articles composed in any part, however small, of braid, found in the 1922 act, is not any more all-embrasive and inclusive than the provision for fabrics and articles wholly or in part of braid, found in the 1930 act, and that either provision is sufficiently all-embrasive and inclusive to cover and include any fabric or article that is in any part of braid.

In *United States* v. *Smith & Co.*, 12 Ct. Cust. Appls. 384, our appellate court, in construing the first and second parts of paragraph 1430 of the Tariff Act of 1922, and with particular reference to the words "however small" found in the first part of said paragraph, but not appearing in the second part thereof, said:

But should there be any doubt about the construction thus placed upon the paragraph, and if the doctrine of "relative specificity" be applied to determine the dutiable status of the merchandise in question, it would seem to us that the provision in the latter part of the paragraph for "embroideries not specially provided for, and all fabrics and articles embroidered in any manner * * * by whatever name known, and to whatever use applied" * * * is more specific for merchandise described, as "embroideries in the form of flouncings, or embroidered flouncings," than the *eo nomine* provision for "flouncings, * * * and all fabrics and articles composed in any part, however small, or any of the foregoing fabrics or articles; * * * by whatever name known and to whatever use applied."

Another case more in point is *United States* v. *American Shipping Co.*, 15 Ct. Cust. Appls. 249, from which the following is quoted:

It is urged by the Government that the words "however small" following "composed in any part" indicate an intention on the part of Congress to broaden the first provision so as to include any article which is composed of trimmings or ornaments even though it be decorated also in the manner described in the second part of the paragraph. We do not think the words "however small" add any weight to the argument that the first part of the paragraph, as applied to the merchandise at bar, is more specific than the latter portion. *United States* v. *Snow's U. S. Sample Express Co.*, 6 Ct. Cust. Appls. 120.

In considering this question we have also had reference to the Summary of Tariff Information, 1929, Vol. 2, where, at page 2036, we find the following:

The parties litigant stipulated that the merchandise in question consists of nonembroidered fabric articles which are ornamented with beads and which are composed in part of nonembroidered trimmings, galloons, and ornaments but not in part of nets or nettings or burnt-out laces (the particular article was fabric *lamp shades*). They were held dutiable at 90 per cent ad valorem under paragraph 1430 as articles composed in part of trimmings or ornaments and not at the 75 per cent rate as articles ornamented with beads. The provision in paragraph 1430 for "galloons * * * trimmings * * * ornaments * * * and all fabrics and articles composed in any part, *however small*, of any of the foregoing fabrics or articles," and for "all fabrics and articles * * * ornamented with beads," were declared equally specific, *the words* "however small" adding nothing to the specificity of the first provision. [Last two italics ours.]

The Summary of Tariff Information, hereinbefore referred to, together with the authorities hereinbefore cited, certainly made clear to the Congress at the time it was considering paragraph 1529 (a) of the Tariff Act of 1930, that the words "however small" added nothing to the specificity of the corresponding paragraph 1430 of the 1922 act, and it is reasonable for us to assume that the Congress eliminated or omitted the words "however small" as unnecessary when it came to enact paragraph 1529 (a) of the 1930 act. See *Richards* v. *United States*, 22 C. C. P. A. (Customs) 352.

It also appears that this same question was before this court in *Kronfeld, Saunders, Inc.* v. *United States*, Abstract 21322 (62 Treas. Dec. 860), wherein was involved the proper classification of a dress suit in chief value of wool, valued at more than $4 per pound, and which suit was also in part of braid, the value of which was approximately $2. There, as here, it was insisted by counsel for the plaintiff that the omission from said paragraph 1529 (a) of the words "however small" evidenced an intent on the part of the Congress to eliminate from paragraph 1529 (a) articles of which only a small portion thereof was braid. In disposing of that case, we said:

Counsel for the plaintiff, in its brief filed herein, points out that said paragraph 1529 (a) provides only for *fabrics and articles wholly or in part of braid*, whereas paragraph 1430 of the tariff act of 1922, the predecessor of said paragraph 1529 (a), provides for *fabrics and articles composed in any part, however small, of braid*, and insists that this change in language evidences a change of intent on the part of the lawmakers.

In our view of the question the provision for fabrics and articles composed in any part, however small, of braid, is not any more all-embrasive and inclusive than the provision for fabrics and articles wholly or in part of braid. Either provision is sufficiently all-embrasive and inclusive to include and cover any fabric or article that is composed in any part of braid. We can not therefore agree with the contention of counsel that by this change in language the Congress intended a change in meaning.

Counsel for the plaintiff points out that the value of the braid on the suit in question is only about 2 per cent of the value of the suit, and insists that, since the value of the braid is only an infinitesimal part of the value of the suit, it should be disregarded and not considered in determining the proper classification of this merchandise. If we should adopt the construction insisted upon by counsel for

plaintiff where, may we ask, would we draw the line as to the value of braid, when it would not be considered, and when it would be considered, in determining the classification of merchandise? The provision in said paragraph 1529 (a) is for fabrics and articles wholly or in part of braid and is not for fabrics and articles wholly or in part of braid when the value of the braid is more than 2, 5, 10, or 25 per cent of the value of the fabric or article.

We are of opinion that the pronouncements made in the *Kronfeld* case, *supra*, are sound and that they are controlling in the instant case.

The case of *Varsity Watch Co.* v. *United States*, 17 Cust. Ct. 24, affirmed by our appellate court in *Varsity Watch Co.* v. *United States*, 34 C. C. P. A. (Customs) 155, involved the construction of the provision for watchcases, "if in part of gold," found in paragraph 367 (f) (2) of the Tariff Act of 1930. In disposing of the question presented, this court said:

This brings us to a consideration of the next provision with which we are directly concerned; namely, that covering watchcases "in part of gold" in said paragraph 367 (f) (2). This classification we believe was intended to describe base metal watchcases in which gold is present either structurally or as a result of plating or other processes, and that this is true whether or not the gold is very small in quantity or value. We can conceive that there must be many instances where the amount of this precious metal is minute in quantity. But even if Congress had used more emphatic language in paragraph 367 (f) (2), as, for instance "in part of gold, however small," it would have added nothing to the real meaning and significance of the phrase. It will be recalled that in *United States* v. *American Shipping Co.*, 15 Ct. Cust. Appls. 249, T. D. 42261, and in *United States* v. *Tan*, id. 252, T. D. 42262, the words "however small" following the words "composed in any part" were held to add nothing thereto in determining the relative specificity of two competing provisions.

In considering this case we have not overlooked the principles announced in *United States* v. *Post Fish Co.*, 13 Ct. Cust. Appls. 155, wherein it was held, in effect, that a change of language must be given effect, if possible; that to hold such a change meaningless is to ascribe to Congress the doing of an idle and useless thing; and that a change of legislative language must be presumed to evidence an intent on the part of Congress to effect a change of meaning. With the principles thus announced, we are in complete agreement insofar as they were applied in the *Post Fish Co.* case, *supra*. However, in *Andrews & Co.* v. *United States*, 8 Ct. Cust. Appls. 68, there was involved a change in the language of paragraph 596 of the Tariff Act of 1909, for "vegetable ivory in its natural state" to "tagua nuts" found in paragraph 620 of the Tariff Act of 1913. With reference to that change, our appellate court said:

But it is further said by counsel that the change in the language of the free list provision from "vegetable ivory in its natural state" to "tagua nuts" indicates an intention to change the character of the article admitted free. It is not every change in the terms of a statute from the one for which it is a substitute that results in a change of its general purpose. The rule is one of construction merely in any case, but even as a rule of construction it has its limitations and qualifications.

See also *United States* v. *Wertheimer Bros.*, 2 Ct. Cust. Appls. 515; *United States* v. *Merck*, 8 Ct. Cust. Appls. 141; *Heller* v. *United States*, 124 Fed. 299; and *United States* v. *Max Littwitz*, 18 C. C. P. A. (Customs) 341.

In Endlich on Interpretation of Statutes, section 381, it is said:

\* \* \* The importance of the principle which attaches slight weight to mere changes of phraseology, is particularly manifest in the construction of statutes that are substantially re-enactments, or that are intended as revisions or consolidations of others. As to such enactments, it is well settled in this country, that, in the absence of an intention to change the law, sufficiently clearly appearing from other guides of interpretation, or unless the change is such as, in itself, to render such an intention manifest and certain, mere variations in the language of such enactments from the language of former statutes on the same subject, under which the law has become settled, will not be regarded as intended to call for a different construction.

Also in section 401 of Sutherland on Statutory Construction it is said:

\* \* \* Whether the change be by omission, addition, or substitution of words, the principle applies. Where changes have been introduced by amendment it is not to be assumed that they are without design. Every change of phraseology, however, does not indicate a change of substance and intent. The change may be made to express more clearly the same intent or merely to improve the diction. The change is often found to be the result of carelessness or slovenliness of the draftsman. The changes of phraseology may result from the act being the production of many minds, and from being compiled from different sources. Hence the presumption of a change of intention from a change of language is of no great weight, and must mainly depend on the intrinsic difference as resulting from the modification. A mere change in the words of a revision will not be deemed a change in the law unless it appears that such was the intention. The intent to change the law must be evident and certain; there must be such substantial change as to import such intention, or it must otherwise be manifest from other guides of interpretation, or the difference of phraseology will not be deemed expressive of a different intention.

In view of the above authorities, it is our view, and we so hold, that the omission from said paragraph 1529 (a) of the words "however small," which appeared in its predecessor, paragraph 1430 of the Tariff Act of 1922, is not to be construed as evidencing an intent to change the meaning of the statute.

After a careful consideration of the facts presented in this case, together with an examination and consideration of the authorities hereinbefore set out, it is our considered opinion that the plaintiff's claim herein is without merit. All of the claims of the plaintiff are therefore overruled. Judgment will be rendered accordingly.