(C.D. 4458).

ALDRICH CHEMICAL COMPANY, INC. *v.* UNITED STATES

(Decided June 26, 1973)

*Foley & Lardner* (*Marvin E. Klitsner, Bernard E. Edelstein* and *John S. Skilton* of counsel) for the plaintiff.
*Harlington Wood, Jr.*, Assistant Attorney General (*Joseph I. Liebman*, trial attorney), for the defendant.

WATSON, Judge: These three cases, consolidated for the purpose of trial, place in issue the tariff classification of a chemical importation known as trichloroethanol, hereafter referred to as "TCE". This chemical compound was classified pursuant to item 428.26 as other halohydrins dutiable at the rate of 2.4 cents per pound plus 12 per centum ad valorem. Plaintiff claims that the importation should have been

classified pursuant to item 429.95 as other organic compounds dutiable at the rate of 8 per centum ad valorem.

Plaintiff bases its opposition to the classification on an argument that the importations in question do not fall within the definition of the term "halohydrin". In support of this assertion and to establish a definition of the term "halohydrin", the testimony of Dr. Alfred Bader, a chemist and president of the plaintiff, as well as the testimony of Dr. Frank Brown, Jr., senior organic chemist at Eli Lilly & Co., was offered. In defense of the classification, defendant offered a definition of "halohydrin" in testimony by Dr. Stewart W. Fenton, professor of chemistry at the University of Minnesota.

Plaintiff's definition of halohydrin is that it is a compound which can be derived from a glycol and which contains one or more halogens (each of which must be on separate carbon atoms) and one or more hydroxyl groups.[1]

The consequence of this definition as opposed to the conflicting definition by defendant (to be discussed later) is best understood if viewed with reference to the molecular structure of the importation which is as follows:

$$
\begin{array}{ccc}
CL & & H \\
 & \diagdown & \diagup \\
CL{-}C{-}C{-}H \\
 & \diagup & \diagdown \\
CL & & OH
\end{array}
$$

According to plaintiff, it would be impossible for the above diagramed compound to have been derived from a glycol or polyhydric alcohol. Such a predecessor compound would have to have had three hydroxyl groups in the position now occupied by the chlorine atoms, a circumstance which is chemically impossible as is set out in the following excerpt from Dr. Bader's testimony.

Q. Now, in a glycol or polyhydric alcohol, can there ever be more than one hydroxyl group attached to one carbon?—A. No. If you have two hydroxyl groups attached to one carbon of a glycol, that cannot exist. It splits out the element of water and so you can only have in a glycol, one hydroxyl group attached to one carbon atom.

Q. Would your answer apply equally to a polyhydric alcohol which has more than two hydroxyl groups?—A. Yes.

Q. That being true, can you ever form a chlorohydrin or halohydrin in which there will be more than one chlorine atom attached to a single carbon?—A. No.

---

[1] A short glossary will be useful in understanding the discussion herein.

Glycol – a compound containing two hydroxyl groups, each hydroxyl group attached to a different carbon atom.

Hydroxyl group – a hydrogen atom attached to an oxygen atom.

Halogen – a family of atoms of which the most common are chlorine, fluorine and iodine.

Polyhydric alcohol – a chemical compound containing two or more hydroxyl groups attached to separate carbon atoms (every glycol is a polyhydric alcohol but not every polyhydric alcohol is a glycol).

It would follow from plaintiff's definition that the imported TCE, not being derivable from a glycol, is not a halohydrin.

Defendant offered a definition of halohydrin as an organic compound containing a hydroxyl group and a halogen which are located on adjacent saturated carbon atoms. The definition would include the importation.

As a result of my study of the testimony and the cited authorities, it is my opinion that defendant's definition is incomplete and the classification based thereon is incorrect. I am further persuaded of the correctness of plaintiff's claim. Most of the cited authorities and encyclopedias define halohydrins by reference to the glycols on which their structure is based. Thus, for example, the *Encyclopedia of Chemical Technology*, Kirk-Othmer, Vol. 3 at 850 (1949) states as follows:

> The chlorohydrins belong to the larger class of halohydrins that contain within their molecule one or more halogen atoms and one or more alcoholic hydroxyl groups. They may be considered to be derived from glycols and polyhydric alcohols by replacement of at least one hydroxyl group by halogen. * * *

The definition of chlorohydrins by reference to their possible derivation from glycols is the only method of definition brought to the attention of this court which offered a full measure of accuracy and clarity, in distinguishing between what falls within the term halohydrin and what falls without. Defendant's definition failed to do this. For example, the compound of trimethylene chlorohydrin has the following chemical formula:

$$CL—CH_2 \; CH_2 \; CH_2 \; OH$$

It is an organic compound containing a hydroxyl group and a halogen which, however, are *not* located on adjacent saturated carbon atoms. By defendant's definition, this compound would therefore not be a halohydrin. In point of fact, it is specifically listed as one of the examples of a halohydrin in the aforementioned *Encyclopedia of Chemical Technology*. This tends to indicate a serious shortcoming in defendant's definition of halohydrin.

For tariff purposes, it is essential that terms be defined, not in a loose descriptive manner, but in a rigorous, limiting and circumscribed manner. Of the proffered definitions, only plaintiff's satisfies the necessary standards.

In linking the definition of halohydrin to potential derivation from glycols, I do not mean to suggest that halohydrins must, in fact, have been derived in that manner. In reality they may have been derived by a number of diverse methods. However, it is essential in my understanding of the term, that the halohydrin must be theoretically deriv-

able from a glycol, a circumstance precluded by the attachment of a multiplicity of halogen atoms to a single carbon atom in the importation. On this point I am effectively persuaded by the testimony of plaintiff's witnesses.

Reference has been made to the entry in the *Chemical Abstracts* of the American Chemical Society which refers to halohydrins in Volume 56 of the 1962 edition as follows:

> Halohydrins are named as halogen derivatives of the corresponding hydroxy compounds, as in the examples below, unless a functional group higher (in the order of precedence) than alcohol is present.

Although I have no quarrel with the authoritative stature of this reference work, and have, in fact, on occasion found it helpful in clarifying statutory language (see for example, *Aldrich Chemical Company, Inc.* v. *United States*, 62 Cust. Ct. 333, C.D. 3758, 297 F. Supp. 1389 (1969)), I do not consider it to be definitive in all situations. In this instance I consider its usefulness to be limited to an attempt to arrive at a coherent method of describing certain chemical compounds. This point was reinforced during the cross-examination of defendant's witness at which time defendant's witness conceded that p-chlorophenethyl alcohol, a compound illustrated in exhibit 5, although not a halohydrin would be named pursuant to the above quoted entry from *Chemical Abstracts*. This tends to indicate that a chemical compound which is not a halohydrin is nevertheless named pursuant to the method for naming halohydrins by reason of its being derived from an alcohol by the use of a halogen. On the whole, this example, together with the persuasive testimony of plaintiff's witnesses, convinces me that in this instance the *Chemical Abstracts* is not determinative or definitive regarding the meaning of the term "halohydrin".

In sum, I am more favorably impressed with the testimony offered on behalf of the plaintiff than I am with that offered by defendant. The former is more internally consistent, more complete and more in conformity with the chemical reference works and other lexicographic authorities. I therefore conclude that the term "halohydrin" as used in the tariff schedules refers to chemical compounds which are derivable from existing glycols and which contain one or more halogens attached to separate carbon atoms and one or more hydroxyl groups.

The above considerations lead me to conclude that the importation is not a halohydrin and was incorrectly classified pursuant to item 428.26. I further conclude that the importation, admittedly an organic compound, is properly classifiable pursuant to item 429.95 as other

organic compounds and is dutiable at the rate of 8 per centum ad valorem.

Judgment will issue accordingly.