No. 63041.—The May Department Stores Co., Inc. *v.* United States, protest 182572–K (New York).

FORD, Judge: The merchandise in the case at bar consists of men's and boys' cotton tee shirts which were classified by the collector of customs as "Wg appl in Part of Braid" and assessed with duty at 50 per centum ad valorem under the provisions of paragraph 1529(a) of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, 82 Treas. Dec. 305, T.D. 51802. The pertinent provisions of said paragraph 1529(a), as modified, *supra*, are as follows:

Braids provided for in paragraph 1529(a), Tariff Act of 1930 (except braids suitable for making or ornamenting hats, bonnets, or hoods), and articles of wearing apparel in part of such braids but not in part of lace and not ornamented_____ 50% ad val.

It is contended by the importer that said merchandise is properly dutiable at 35 per centum ad valorem under the provisions of paragraph 917 of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, 82 Treas. Dec. 305, T.D. 51802, which provides as follows:

Outerwear, and articles of all kinds (not including underwear), knit or crocheted, finished or unfinished, wholly or in chief value of cotton or other vegetable fiber, and not specially provided for:
   \*      \*      \*      \*      \*      \*      \*
Other _____ 35% ad val.

In addition to the duty set forth under paragraph 917, *supra*, the plaintiff contends that the provisions contained in paragraph 924 of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, *supra*, providing for

an additional duty of 5 cents per pound on articles of cotton having a staple of 1⅛ inches or more in length, is applicable to the merchandise at bar. Paragraph 924, *supra*, provides as follows:

| | |
|---|---|
| All the articles enumerated or described in Schedule 9 (except in paragraph 922), Tariff Act of 1930, shall be subject to an additional duty on the cotton contained therein having a staple of one and one-eighth inches or more in length of_____ | 5¢ per lb., but not less than 1¾ times the most-favored-nation rate of ordinary customs duty applicable, when such articles are entered or withdrawn from warehouse, for consumption, to cotton having a staple of 1⅛ inches or more in length |

This case was submitted upon oral stipulation entered into by and between counsel for the respective parties and contains the following facts:

MR. TOMPKINS: I offer to stipulate that the items of merchandise on the invoices under protest identified as "Mens cotton tee shirts," or as "Boys cotton tee shirts," or as "Mens cotton sports shirts," and assessed with duty at 50 per cent ad valorem under paragraph 1529(a), Tariff Act of 1930, as modified, consist of knit outerwear in chief value of cotton having a staple of over one and one-eighth inches in length; that the shoulders of each of said shirts have a seam which is reinforced on the inside with a strip of braid made on a braiding machine; that said braid does not ornament said shirts, and said braid cannot be seen when said shirts are right-side out.

MR. TAYLOR: The Government so agrees after consultation with the examiner.

Plaintiff relies upon the legal maxim of *de minimis non curat lex* and cites the case of *Varsity Watch Co.* v. *United States*, 34 C.C.P.A. (Customs) 155, C.A.D. 359. The *Varsity Watch Co.* case, *supra*, involved wrist watchcases of cheap base metal construction, which, by a process of electrolytic deposition, imparted a quantity of gold amounting to less than one and one-half thousandths of an inch in thickness to add to its attractiveness and impart a gold appearance, and which were held to be properly dutiable under the provisions of paragraph 367(f)(2) of the Tariff Act of 1930, providing for cases "If in part of gold * * * ." The appellate court held the rule of *de minimis* was not applicable in such a matter. The court, however, did review a number of cases under which the importer may benefit by the rule of *de minimis*. Counsel for plaintiff in its brief has cited such cases as well as a number of other cases involving this doctrine as applied to other tariff provisions.

Counsel for the defendant relies upon the applicability of the case of *P. & G. Robinson* v. *United States*, 24 Cust. Ct. 10, C.D. 1201, and contends that the rule of *de minimis* has no application to the issue of facts in the case at bar.

The merchandise in the *Robinson* case, *supra*, consisted of a suitcase in chief value of cotton, containing approximately 3 yards of braid, which held the pockets of said bags closed. The merchandise had been classified under paragraph 1529(a) of the Tariff Act of 1930 and was claimed to be properly dutiable under the provisions of paragraph 923 of the Tariff Act of 1930, which provided for "All manufactures, wholly or in chief value of cotton, not specially provided for."

It was argued by counsel in the *Robinson* case, *supra*, that since paragraph 1430 of the Tariff Act of 1922, the predecessor of paragraph 1529(a) of the Tariff Act of 1930, contained the words "however small," the elimination of said words by Congress in the enactment of paragraph 1529(a), *supra*, was indicative of the intent of Congress to exclude a negligible quantity of braid

# 375

contained in any article. The court, in the *Robinson* case, *supra*, held that the words "however small" were eliminated or omitted as unnecessary and not as evidencing an intent to change the meaning of the statute. Accordingly, the court held the involved suitcases to be properly dutiable as classified.

Since the stipulation of facts establishes that the involved tee shirts have a seam which is reinforced on the inside with a strip of braid made on a braiding machine, we are of the opinion that the rule of *de minimis* urged by plaintiff is not applicable herein. In view of the decision in the *Robinson* case, *supra*, and that of *United States* v. *Bullocks, Inc.*, 25 C.C.P.A. (Customs) 381, T.D. 49465, involving bridge table covers containing elastic braided strips at each corner, we are of the opinion that the said tee shirts are properly dutiable under the provisions of paragraph 1529(a), *supra*, as classified.

All claims in the protest are, therefore, overruled. Judgment will be entered accordingly.