(C.D. 3224)

PLATON FABRICS CORP. *v.* UNITED STATES

United States Customs Court, First Division

(Decided December 13, 1967)

*Siegel, Mandell & Davidson* (*Harvey A. Isaacs* of counsel) for the plantiff.
*Edwin L. Weisl, Jr.,* Assistant Attorney General (*Arthur E. Schwimmer,* trial attorney), for the defendant.

Before WATSON and BECKWORTH, Judges

WATSON, Judge: The merchandise at bar consists of woven wool fabrics with a piece of braid sewn along a portion of one selvage edge. It was classified under paragraph 1109(a) of the Tariff Act of 1930, as modified by Presidential proclamation, T.D. 55285, as woven fabrics in chief value of wool, weighing over 4 ounces per square yard and valued at not over $2 per pound, with duty assessment at 37½ cents per pound, plus 60 per centum ad valorem. Plaintiff claims by amendment that the merchandise is properly classifiable under paragraph 1529(a) of said act, as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, T.D. 54108, at the rate of 42½ per centum ad valorem as fabrics in

part of braids. The two claims in plaintiff's original protest were abandoned at the trial (R. 4).

The statutes herein involved, so far as pertinent, are as follows:

Paragraph 1109(a) of the Tariff Act of 1930, as modified by T.D. 55285:

Woven fabrics weighing over 4 ounces per square
yard, wholly or in chief value of wool:

\*     \*     \*     \*     \*     \*     \*

    Other fabrics, valued—
      Not over $2 per pound------------------ $1.13½ per lb.
                                    but not over
                                    37½¢ per
                                    lb. plus 60%
                                    ad val.

Paragraph 1529(a) of said act, as originally enacted:

\* \* \* braids, \* \* \* made \* \* \* on a \* \* \* braiding machine \* \* \* all the foregoing, and fabrics and articles wholly or in part thereof, finished or unfinished (except \* \* \*), by whatever name known, and to whatever use applied, and whether or not named, described, or provided for elsewhere in this Act, when composed wholly or in chief value of filaments, \* \* \*.

Paragraph 1529(a), as modified by T.D. 54108:

Articles (including fabrics) wholly or in part of any
    product provided for in paragraph 1529(a), Tariff
    Act 1930:

\*     \*     \*     \*     \*     \*     \*

    In part of braids not suitable for making or
      ornamenting bonnets, hats, or hoods, but
      not in part of lace and not ornamented
      (except \* \* \*) ------------------------ 42½% ad val.

The case was submitted upon a stipulation of facts, the pertinent parts of which are as follows:

1. That the merchandise the subject of the instant protest consists of woven fabrics in the piece, in chief value of wool, weighing more than four ounces per square yard, and valued at not over $2.00 per pound.

2. That in its imported condition there was securely sewn along five yards of one selvage edge of each piece of fabric, a strip of braid approximately ¾ of an inch in total width, folded over to enclose the edge of the said woven fabric.

3. That the pieces of fabric were imported in lengths varying from 59 yards to 79 yards, and in no case did the aforementioned braid run the entire length of the fabric.

4. That said braid was manufactured on a braiding machine, and is not suitable for making or ornamenting bonnets, hats or hoods.

5. That the merchandise as imported is not in part of lace, is not ornamented, and is composed wholly or in chief value of filaments.

A representative sample of the merchandise in question was received in evidence as plaintiff's exhibit 1 (R. 5).

Plaintiff's sole claim herein is that said fabrics, by virtue of the fact that each piece thereof had securely sewn along the selvage edge 5 yards of braid, are properly dutiable under paragraph 1529(a), as modified, *supra*, for articles in part of braid. The position of the defendant is that, while the selvage of this merchandise is indeed in part of braid, it has long been settled that the selvage is not to be considered a "part" of a fabric for classification purposes, and that the merchandise, therefore, is not in part of braid (defendant's brief, page 1).

In support of its position, the defendant, in the case at bar, directs our attention *inter alia* to the holding of the court in the cases of *United States* v. *Auffmordt & Co.*, 3 Ct. Cust. Appls. 236, T.D. 32561, and *A. Bonime* v. *United States*, 22 CCPA 603, T.D. 47602.

In the *Auffmordt & Co.* case, *supra*, certain cotton dress goods, the selvages of which contained mercerized threads, were classified by the collector of customs as cotton cloth, "mercerized" under paragraph 323 of the Tariff Act of 1909, which provided that, in addition to the appropriate rate for cotton goods under said paragraph, there was imposed an additional duty for "cotton cloth mercerized". Paragraph 320 of the act in question defined the term "mercerized" as applied to cotton cloth which had any mercerized threads "in or upon any part of the fabric." It appeared that the merchandise, with the exception of the selvage, contained no mercerized threads. Accordingly, as stated by the court, the appeal therein raised but one question: Do the mercerized threads of the selvage determine the classification of the importation, notwithstanding the fact that none of such threads are found in the body of the goods? The court in the *Auffmordt* case, *supra*, held that the involved merchandise was not cotton cloth, mercerized, and, accordingly, held that it should not have been subject to the additional duty, as claimed. In so holding, the court therein, at pages 237, 238, and 239, stated:

In the case of *United States v. Mandel* (1 Ct. Cust. Appls. 223; T.D. 31259) we had occasion to pass on a controversy very similar to that now pending, and we there held that a cloth the body of which was cotton and the selvages cotton and silk was not "cloth composed of cotton * * * and silk" within the meaning of paragraph 311 of the tariff act of 1897. What we then said we say now. A selvage, which is that and nothing more, is merely incidental to the manufacture of the textile and is not designed to give character to the product; neither is it intended to form a material or essential part of the fabric when utilized by the final consumer. A true selvage prevents the fraying of the weft and the distortion of the cloth to which it is attached, and to that

extent it serves a useful, not to say a necessary purpose; but it is no more a factor in determining the real nature, kind, quality, or character of the textile than is the tape wound about a bolt of the goods to keep them in place. If a few mercerized threads in the selvage of a fabric, the body of which is all of cotton, were enough to give the goods the character of a cotton cloth in part mercerized, then, by the same token a textile the body of which was wholly of silk would become a cloth of cotton and silk simply because it had a selvage in part of cotton.

\*      \*      \*      \*      \*      \*      \*

\* \* \* The selvage bears the same relation to the "fabric" of paragraph 320 that it does to the "cloth" of paragraph 311, and if it be a part of the "fabric," the same process of reasoning which makes it so will make it a part of the "cloth." *The fact of the matter is that the selvage, strictly speaking, is not a part of a cloth [f]abric at all.* Its real usefulness ends when that of the fabric begins. The selvage is merely a protection to the fabric, and when the latter reaches the hands of the final consumer the mission of the former is terminated. The selvage is therefore a part of the fabric only in the sense that it is attached to the fabric. As it has none of the uses or purposes of the textile to which it is woven it is really a distinct entity altogether and consequently can not be considered as a part of the fabric in the true acceptation of the term. [Emphasis added.]

In the *A. Bonime* case, *supra*, the merchandise involved consisted of cotton cloth with a selvage on each edge, the body of the cloth and the selvages being woven at the same time, on the same loom. It further appeared that, in weaving the body of the cloth, seven "harnesses" were used, and that in weaving the selvages, two harnesses were used. The merchandise in question was classified by the collector under paragraph 903 of the Tariff Act of 1922, with an additional 10 per centum ad valorem under paragraph 906 of said act. The latter paragraph provided that, in addition to the duty or duties imposed upon cotton cloth in paragraph 903, there shall be paid "On all cotton cloths woven with eight or more harnesses, \* \* \* 10 per centum ad valorem". The single question therein presented was as to whether the additional duty of 10 per centum ad valorem under said paragraph 906 was properly chargeable on the goods. Paragraph 904 of the Tariff Act of 1922 provided in part that "In the ascertainment of the condition of the cloth or yarn upon which the duties imposed upon cotton cloth are made to depend, the entire fabric and all parts thereof shall be included." After adverting to the Summary of Tariff Information prepared by the United States Tariff Commission with respect to the manufacture and importation of cotton cloths, particularly sateens, at the time the Tariff Act of 1922 was being prepared, the court therein, at page 608–609, stated:

These various quoted excerpts show quite plainly that the object that was in the mind of the Congress, at the time of enactment of said para-

graph 906, was to protect American producers of high grade sateens, or venetians as they are called, against importations from abroad, and thus to build up American industries in that regard. The object to be attained was not to be attained by imposing duty upon the number of harnesses used, but by additional duties upon the cloth which was so produced, it being known to Congress that the use of more than eight harnesses was necessary in the production of the particular kinds of cloth which were sought to be covered by the paragraph. It must follow that if the usable portion of the cloth, that is, the cloth less the selvage, was made by less than eight harnesses, it was not the kind of cloth the Congress had in mind, namely, the high grade sateens.

After reviewing its decision in the *Mandel* and *Auffmordt* cases, *supra*, the court, at page 607, with respect to the latter stated:

Here was a distinct and unequivocal holding by this court, that, for dutiable purposes, the selvage could not be considered a part of the cloth at all.

Since this holding in 1912, two general revisions of the tariff laws of the country have been made, and, if it was desired to change these judicial constructions, ample opportunity was afforded to the Congress in the act of October 3, 1913, and in the Tariff Act of 1922, to make the necessary changes. During those years, so far as we are advised, no material changes in the acts have been made, and it is fair to assume under the general rule, that the Congress was advised of the views of this court, as expressed in these cases, and legislated in the light of such knowledge.

Accordingly, the court in the *Bonime* case, *supra*, held that, for dutiable purposes, the selvage cannot be considered a part of the cloth and that the merchandise was not subject to the additional duty imposed under paragraph 906 of the relevant act for "all cotton cloths woven with eight or more harnesses".

It appears that the provision in paragraph 906 of the Tariff Act of 1922 for "cotton cloths woven with eight or more harnesses" was included without change in paragraph 904(d) of the Tariff Act of 1930 and the provision in paragraph 904 of the Tariff Act of 1922 that "In the ascertainment of the condition of the cloth or yarn upon which the duties imposed upon cotton cloth are made to depend, the entire fabric and all parts thereof shall be included", was also provided for without change in paragraph 903(b) of the Tariff Act of 1930. Accordingly, it would appear that the Congress, in the enactment of paragraphs 906 and 903(b) in the Tariff Act of 1930, did so "in the light of" the previous decision in the *Bonime* case, *supra*, and that in making no change was in agreement with the decision in the *Bonime* case which held that for dutiable purposes the selvage cannot be considered a part of the cloth. Paragraph 1430 of the Tariff Act of 1922 provided for "braids, * * * and all fabrics and articles composed in any part, however small, of any of the foregoing fabrics or articles".

In paragraph 1529 (a) of the Tariff Act of 1930, the provision was revised to read "braids, * * * and fabrics and articles wholly or in part thereof, * * *." In our opinion, that change in language did not indicate a congressional intent to overrule the principle heretofore expressed, cited in the *Bonime* case, *supra*. See, in this connection, *P. & G. Robinson* v. *United States*, 24 Cust. Ct. 10, C.D. 1201. On the other hand, the fact that Congress continued to distinguish between "fabrics" and "articles", indicates, in our opinion, the application of the special classification principles to "fabrics", as indicated in the cases heretofore cited. It appears significant in our present determination, that our appellate court has defined the term "fabric" as meaning the body of the cloth without the selvage. (*A. Bonime* case, *supra*.) Congress has not disturbed or made any change with respect to that definition. Such a determination by our appellate court is binding and controlling, in our opinion, in the case at bar. See, *United States* v. *North American Mercantile Co.*, 17 CCPA 378, T.D. 43820.

While it is true, as pointed out by the plaintiff in its reply brief herein, that the court in the above-mentioned cases was not concerned with the question whether articles (including fabrics) were in part of braid, as in the case before us, but that those cases involved other provisions not here in issue, nevertheless, the court in the *Auffmordt* and *Bonime* cases, *supra*, did hold that the selvage was not part of the cotton cloth therein involved.

Further support for the principle that a selvage is to be disregarded in the classification of merchandise may be found in its recognition by the Board of General Appraisers in the case of *Miller & Lowe* v. *United States*, 49 Treas. Dec. 311, T.D. 41376.

In *United States* v. *Shapiro & Co.*, 15 Ct. Cust. Appls. 60, T.D. 42154, which was a case involving "fabrics", the court was presented with the question whether certain cotton cloth in the piece, 30 to 40 yards in length and 36 inches wide and having plaits or "tucks" produced during the process of weaving the cloth, was properly classified by the collector under the provision in paragraph 1430 of the Tariff Act of 1922 for "Laces * * * tuckings * * * and all fabrics or articles composed in part, however small, of any of the foregoing fabrics or articles * * *." Our appellate court held the merchandise therein was properly classified under the provisions of the latter paragraph. That case, however, is distinguishable from the one at bar. There, it appeared that the tucks or tuckings were woven in the body of the fabric and, accordingly, were a part of the fabric itself whereas the braid in this case is solely on the selvage, not a part of the fabric.

Plaintiff in its brief cites the case of *F. W. Myers & Company, Inc.* v. *United States*, 58 Cust. Ct. 125, C.D. 2901, and cases cited therein.

There, the court, in determining that certain polishers were properly classifiable under the provisions of paragraph 1529(a) here under consideration, held in effect that it is not necessary for classification of "braided" articles or parts under said paragraph 1529(a) that the braiding be ornamental. In further support of this proposition, plaintiff directs our attention to the following comment found. in the Seventh Supplemental Report of the United States Tariff Commission, wherein, at page 100, the following is stated:

*Ornamented Fabrics.* The status of fabrics in the piece with a braid attached to the selvage is subject to a different test under this item than under the applicable existing tariff provision. The existing requirement that the article merely be "in part of" braid is less exacting. Under the new provision, the braid must in fact ornament the fabric in an acceptable trade sense. This would normally call for repetitive ornamentation throughout the length of the piece of goods, not so affixed that it would in normal disposition be trimmed off or hidden.

We do not believe, however, that the comment in the above report is authority for a holding that the involved merchandise is properly classifiable under the claimed paragraph. That report, while perhaps indicative of the congressional intent on the pertinent provisions covered by the Tariff Schedules of the United States, was not before the Congress at the time of the passage of the Tariff Act of 1930. Accordingly, while said report may be, as it was in the recent case of *Rifkin Textiles Corp.* v. *United States,* 54 CCPA 138, C.A.D. 925, an aid in the determination of congressional intent with respect to the particular issue there involved under the Tariff Schedules of the United States, it does not constitute legislative history relative to the provisions of the Tariff Act of 1930 here in issue. See, *Textile Printing & Finishing Co., Inc.* v. *United States,* 49 CCPA 24, C.A.D. 789. Specifically, if the comment in said report is intended by the plaintiff as indicating that a fabric with the braid attached to the selvage is a fabric in part of braid, the comment in question is in our opinion merely an expression of opinion of the Tariff Commission. Such expression, however, is at variance with the decisions of the court in the *Mandel, Auffmordt,* and *A. Bonime* cases, *supra,* and, in our opinion, is not entitled to any weight in our present determination.

Plaintiff in the case at bar directs our attention to the holding of the court in *Rifkin Textiles Corp.* v. *United States,* 49 Cust. Ct. 330, Abstract 67278, wherein certain woven wool fabric in the piece with a strip of braid sewn along one edge thereof was held properly classifiable under paragraph 1529(a), as modified, for articles including fabrics, in part of braid. Counsel for the respective parties stipulated therein that the merchandise was "in part of braid." Whether the

question there was resolved independently of the factual situation and on the basis of the applicable law, as maintained by the plaintiff herein, we do not hold it binding upon us in the case at bar, where the precise issue as to whether woven wool fabrics with a piece of braid sewn along a portion of one selvage edge are properly classifiable under paragraph 1529 (a) of the tariff act, as modified, is the subject of controversy. Our present deliberations persuade us that the merchandise herein involved is not so classifiable.

In view of the judicial determination as to the meaning of the term "fabric" as set forth in the *Auffmordt*, *Mandel*, and *A. Bonime* cases, *supra*, plaintiff, in our opinion, has failed to establish that the involved merchandise is properly classifiable under paragraph 1529 (a) of the Tariff Act of 1930, as modified, as fabrics in part of braid. As was stated in the *Auffmordt* case, *supra:*

\* \* \* The selvage is therefore a part of the fabric only in the sense that it is attached to the fabric. As it has none of the uses or purposes of the textile to which it is woven it is really a distinct entity altogether and consequently can not be considered as a part of the fabric in the true acceptation of the term.

Accordingly, while the selvage of this merchandise is in part of braid, that does not constitute the merchandise a fabric in part of braid.

For all of the reasons heretofore stated, we are of opinion and hold that the merchandise here involved is properly dutiable under paragraph 1109 (a) of the Tariff Act of 1930, as modified by the Presidential proclamation further modifying paragraphs 1108 and 1109 (a) of the Tariff Act of 1930, T.D. 55285, at the rate of 37½ cents per pound, plus 60 percent ad valorem, as woven fabrics in chief value of wool, weighing over 4 ounces per square yard and valued at not over $2 per pound, as classified. The protest in this case is overruled.

Judgment will issue accordingly.