(C.D. 3889)

STEINMETZ BROS., INC. *v.* UNITED STATES

United States Customs Court, Second Division

(Decided September 26, 1969)

*Siegel, Mandell & Davidson* (*Allan H. Kamnitz* of counsel) for the plaintiff.
*William D. Ruckelshaus*, Assistant Attorney General (*Steven Sosnov, Sheila N. Ziff* and *Andrew P. Vance*, trial attorneys), for the defendant.

Before RAO and FORD, Judges

FORD, Judge: This case presents for determination the question of whether certain imported sweatshirts containing a piece of braid sewn inside of one shoulder subjects the merchandise to classification under the provisions of paragraph 1529(a), Tariff Act of 1930, as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, 91 Treas. Dec. 150, T.D. 54108, as claimed by plaintiff herein. The merchandise was classified under the provisions of paragraph 1309, Tariff Act of 1930, as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade, 86 Treas. Dec. 121, T.D. 52739.

The pertinent portions of the provisions involved are here set forth:

Paragraph 1309, Tariff Act of 1930, as modified by T.D. 52739:

| | |
|---|---|
| Outerwear, and articles of all kinds, knit or crocheted, finished or unfinished, wholly or in chief value of rayon or other synthetic textile * * * _____ | 25¢ per lb. and 32½% ad val. |

Paragraph 1529(a), Tariff Act of 1930, as modified by T.D. 54108:

| | |
|---|---|
| Articles (including fabrics) wholly or in part of any product provided for in paragraph 1529(a), Tariff Act of 1930: Provided for in subdivision [11] of paragraph 1529(a): In part of braids not suitable for making or ornamenting bonnets, hats, or hoods, but not in part of lace and not ornamented (except gloves and mittens) _____ | 42½% ad val. |

It was stipulated between counsel for the respective parties that collective exhibit 1 consisting of four sweatshirts represented the four styles included on the invoice covered by the protest. It was further

stipulated that said sweatshirts are from the importation involved and that each shirt contains a piece of braid sewn on the inside of one shoulder seam. It was also agreed that said braid is not suitable for making or ornamenting hats, bonnets or hoods. Counsel did not stipulate that said braid was not in part lace, nor ornamented as prescribed in paragraph 1529(a), *supra.* However, an examination of the braid eliminates this question, which is not urged by defendant, and it is clear that it is not in part lace or ornamented.

The balance of the record consists of the testimony of Mr. Bernard Steinmetz, president of plaintiff corporation, and two exhibits received on behalf of defendant. Mr. Steinmetz testified that he purchased the involved merchandise and has imported knit wearing apparel for approximately 10 or 12 years. The braid, in the opinion of the witness, serves a useful function in keeping the garment in shape by preventing stretching which occurs in knitwear.

By virtue of the record made and the samples, plaintiff contends the merchandise is properly subject to classification under paragraph 1529(a), *supra.* Citing *F. W. Myers & Company, Inc.* v. *United States,* 58 Cust. Ct. 125, C.D. 2901 (1967), and *The May Department Stores Co., Inc.* v. *United States,* 42 Cust. Ct. 373, Abstract 63041 (1959).

Defendant while admitting the imported merchandise contains a small piece of braid takes the position that the legal maxim of *de minimis non curat lex* is applicable in this case. Citing *Varsity Watch Co.* v. *United States,* 34 CCPA 155, C.A.D. 359 (1947), and *Union Importing Co.* v. *United States,* 67 Treas. Dec. 1146, Abstract 30249 (1935).

In our decision in the *May* case, *supra,* we discussed the *Varsity* case, *supra,* and others and made the following comment:

> * * * The *Varsity Watch Co.* case, *supra,* involved wrist watch-cases of cheap base metal construction, which, by a process of electrolytic deposition, imparted a quantity of gold amounting to less than one and one-half thousandths of an inch in thickness to add to its attractiveness and impart a gold appearance, and which were held to be properly dutiable under the provisions of paragraph 367(f)(2) of the Tariff Act of 1930, providing for cases "If in part of gold * * * ." The appellate court held the rule of *de minimis* was not applicable in such a matter. The court, however, did review a number of cases under which the importer may benefit by the rule of *de minimis.* Counsel for plaintiff in its brief has cited such cases as well as a number of other cases involving this doctrine as applied to other tariff provisions.
>
> Counsel for the defendant relies upon the applicability of the case of *P. & G. Robinson* v. *Unitel States,* 24 Cust. Ct. 10, C.D. 1201, and contends that the rule of *de minimis* has no application to the issue of facts in the case at bar.
>
> The merchandise in the *Robinson* case, *supra,* consisted of a suitcase in chief value of cotton, containing approximately 3 yards

of braid, which held the pockets of said bags closed. The merchandise had been classified under paragraph 1529(a) of the Tariff Act of 1930 and was claimed to be properly dutiable under the provisions of paragraph 923 of the Tariff Act of 1930, which provided for "All manufactures, wholly or in chief value of cotton, not specially provided for."

It was argued by counsel in the *Robinson* case, *supra*, that since paragraph 1430 of the Tariff Act of 1922, the predecessor of paragraph 1529(a) of the Tariff Act of 1930, contained the words "however small," the elimination of said words by Congress in the enactment of paragraph 1529(a), *supra*, was indicative of the intent of Congress to exclude a negligible quantity of braid contained in any article. The court, in the *Robinson* case, *supra*, held that the words "however small" were eliminated or omitted as unnecessary and not as evidencing an intent to change the meaning of the statute. Accordingly, the court held the involved suitcases to be properly dutiable as classified.

In addition to the foregoing language of paragraph 1529(a), *supra*, as discussed in the *Robinson* case, *supra*, we are also aware of the broad language "by whatever name known, and to whatever use applied, and whether or not named, described, or provided for elsewhere in this Act." We are of the opinion that by virtue of the peculiar statutory language and the legislative history of paragraph 1529(a), *supra*, the doctrine of *de minimis* is not applicable to said paragraph. Since the parties have agreed the imported articles contain braid, the claim in the protest is sustained.

Judgment will be entered accordingly.